The Full Commission reviewed the prior Opinion and Award based on the record of the proceedings before Deputy Commissioner Douglas E. Berger and the briefs submitted to the Full Commission. Each side waived oral argument before the Full Commission. The appealing parties have failed to show good ground to reconsider the evidence, receive further evidence or to amend the prior Opinion and Award.
Prior to the hearing before Deputy Commissioner Berger on 15 November 1995, the parties submitted a Pre-Trial Agreement. This Pre-Trial Agreement is incorporated herein by reference. Following the hearing, the record was held open in order to allow the parties to depose medical experts and submit stipulated medical records.
All objections contained in the depositions of Dr. Grobler, Dr. Kelly, and Dr. Szewczyk are ruled upon in accordance with the law and the Opinion and Award in this matter.
* * * * * * * * * * * *
The Full Commission finds as facts and concludes as matters of law the following which were entered into by the parties at the hearing on 15 November 1995:
STIPULATIONS
1. As aforementioned, all stipulations contained in the Pre-Trial Agreement are received into evidence.
2. A set of medical records marked as stipulated exhibit (1) was received into evidence. This index was numbered 1-194.
3. Subsequent to the hearing, the parties submitted an index of medical records numbered 1-230. This index was marked as stipulated exhibit 2 and received into evidence.(These records duplicate the records in stipulated exhibit (1.)
* * * * * * * * * * *
The Full Commission adopts the Findings of Fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. At the time of the hearing, plaintiff was a forty-seven year-old female who had been employed by defendant-employer for fifteen years. Plaintiff had a history of multiple sinus problems including two surgeries for sinus reconstruction. Plaintiff had a long term history of low back pain.
2. On 20 December 1994, plaintiff was employed by defendant-employer as a file clerk in the medical records department. Plaintiff's job duties included developing medical charts, filing these medical charts by hand on to six foot shelves and processing data into a computer.
3. On 20 December 1994, plaintiff was transporting medical charts when she caught her foot on a leg to a fan. Plaintiff lost her balance. Plaintiff stumbled and grabbed a shelving unit located on her left side. Plaintiff used the shelving unit to pull herself up. When plaintiff pulled herself up, she felt a pull in her back. Plaintiff experienced a wrenching pain in her upper back down to the middle of her back. Plaintiff experienced a radiating pain into her right arm and right shoulder. Plaintiff did not experience lower back pain or any radiation into her legs at the time of this incident.
4. Plaintiff attempted to report the 20 December 1994 work related incident on that day to her immediate supervisor, Kathy Coley. Plaintiff went to Kathy Coley's office in order to report the incident, but Ms. Coley was not there. Plaintiff went to Kathy Coley's office a second time in order to report the incident but Ms. Coley was not there.
5. On 20 December 1994, plaintiff sought medical treatment for a sinus infection and flu. Plaintiff believed that the pain that she was experiencing in her upper back was the result of her flu and sinus infection.
6. About two weeks after the incident, plaintiff reported to Ms. Coley that she was having back problems and wanted to report the 20 December 1994 work-related incident.
7. On 9 January 1995, plaintiff sought medical treatment for her sinus problems at the Bowman Gray Family Practice Center. Plaintiff did report to the treating physician, Dr. Curtis, that she was experiencing right upper back pain. Plaintiff did not report any low back pain or any radiation into her legs.
8. On 26 January 1995, plaintiff reported to Dr. Cathy Armstrong at Bowman Gray Family Practice that she had been experiencing persistent upper back pain since the near fall tripping incident at work on 20 December 1994. Dr. Armstrong diagnosed plaintiff as having sustained a thoracic strain as a result of the December 20 work-related incident. Plaintiff did not report any lower back pain or pain in her right leg at that time.
9. As a result of the 20 December 1994 work-related incident, plaintiff sustained a thoracic strain to her back. As a result of the thoracic strain to her back, plaintiff was unable to work from 3 January 1995 through 26 January 1995.
10. On 31 January 1995, plaintiff reported to the North Carolina Baptist Hospital Clinic that she was experiencing back and hip pain which radiated down her right leg beginning on 30 January 1995. Plaintiff had been sitting on a couch at home when she first experienced lower back pain and radicular pain in her right leg.(See page 153 in stipulated exhibit (2) of the medical records index.) The 30 January 1995 incident at home was the first time since the 20 December 1994 work-related incident that plaintiff had begun to experience pain in her lower back and right leg.
11. On 14 March 1995, plaintiff underwent an MRI of her back under the direction of Dr. Kelly, a neurosurgeon with the Bowman Gray School of Medicine. This MRI revealed that plaintiff had lumbar stenosis and a synovial cyst at the L4-5 region.
12. On 19 April 1995, Dr. Kelly performed an L4 lumbar laminectomy with nerve decompression and removal of the synovial cyst.
13. The pre-existing synovial cyst was not caused by the 20 December 1994 work-related incident.
14. The 20 December 1994 work-related incident whereby plaintiff stumbled on the leg of a fan did not aggravate plaintiff's pre-existing synovial cyst in the L4-5 region of her back. The pain that plaintiff sustained in her upper right arm and right shoulder was unrelated to the synovial cyst in plaintiff's lower back.
15. As a result of her lower back pain and leg pain as well as the surgery she received to remove the synovial cyst, plaintiff has been unable to return to work since 19 April 1995.
16. Plaintiff has continued to experience low back pain and pain in her right leg. There is a lack of convincing expert medical evidence of record to find by its greater weight that the lower back and leg pain that plaintiff has experienced since 30 January 1995 is related to the 20 December 1994 work-related incident.
* * * * * * * * * * *
Based upon the foregoing findings of fact the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. On or about 20 December 1994, plaintiff sustained an injury by accident arising out of and in the course of her employment with defendant-employer in that she sustained a thoracic strain to her back as a result of an accident of the work assigned. N.C. Gen. Stat. § 97-2(6).
2. Defendant-employer received actual notice of the 20 December 1994 injury by accident within thirty days of the accident. Plaintiff had a reasonable excuse for not giving written notice and plaintiff was not prejudiced by the failure to give written notice within thirty days to the defendant-employer. N.C. Gen. Stat. § 97-22.
3. Plaintiff is entitled to receive temporary total disability compensation in the amount of $266.80 per week for the time period beginning 3 January 1995 through 26 January 1995. N.C. Gen. Stat. § 97-29.
4. Plaintiff has failed to prove by the greater weight of the evidence that the 20 December 1994 injury by accident aggravated plaintiff's synovial cyst located in plaintiff's lower back.
5. Plaintiff is entitled to have the defendant provide all reasonable medical treatment necessary for the thoracic strain resulting from her result of her injury by accident of 20 December 1994. Plaintiff is not entitled to receive medical compensation for the treatment to her lower back including the surgery performed by Dr. Kelly on 19 April 1994. N.C. Gen. Stat. §97-25.
* * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. Defendant shall pay to the plaintiff temporary total disability compensation in the amount of $266.80 per week for the time period beginning 3 January 1995 through 26 January 1995. This amount has accrued and shall be paid in a lump sum to plaintiff subject to the attorney's fee approved below.
2. Defendant shall pay all medical expenses incurred for the treatment of plaintiff's thoracic strain to her back resulting from the 20 December 1994 injury by accident.
3. A reasonable attorney's fee of twenty-five percent of the compensation due plaintiff under paragraph (1) of this Award is approved for plaintiff's counsel and shall be paid as follows: twenty-five percent of the lump sum due plaintiff shall be deducted from that sum and paid directly to plaintiff's counsel.
4. Defendant shall pay an expert witness fee in the amount of $300 to Dr. Kelly, an expert witness fee in the amount of $235 to Dr. Grobler, and an expert witness fee in the amount of $155 to Dr. Szewczyk.
5. Each side shall pay its own costs.
 S/ ___________________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
S/ ___________________ LAURA KRANIFELD MEVRETIC COMMISSIONER
S/ ____________________ BERNADINE S. BALLANCE COMMISSIONER